_____

No. 95-2272
_____

Kou Thao,                              *
                                       *
                Petitioner,            *
                                       *
         v.                            * Petition for Review of an
                                       * Order of the Immigration
Immigration and Naturalization         * & Naturalization Servie
Service,                               *
                                       *      [UNPUBLISHED]
                Respondent.            *


_____

            Submitted:  February 12, 1996

              Filed:  August 12, 1996
_____

Before McMILLIAN, LAY and HANSEN, Circuit Judges.
_____


PER CURIAM.


        Kou Thao (petitioner) seeks review of a final decision of the Board
of Immigration Appeals (BIA) dismissing his appeal from a deportation order
entered by an immigration judge (IJ) (hereinafter "IJ order").  In re Kou
Thao, No. A25 315 638 (B.I.A. Apr. 25, 1995) (order dismissing appeal)
(hereinafter "BIA order").  The sole issue raised by this petition for
review is whether the BIA erred in holding that petitioner's conviction
under Minnesota state law for assault in the second degree constitutes a
firearms offense within the meaning of § 241(a)(2)(C) of the Immigration
and Nationality Act, 8 U.S.C. § 1251(a)(2)(C).


        In Kao Vue v. INS, No. 95-3421, slip op. at 6 (8th Cir. Aug. 12,
1996), we held that, in order for an offense to come within the meaning of
§ 1251(a)(2)(C), the use, etc., of a weapon

must be an element of the offense of conviction and the weapon in question must be a firearm or destructive device. Whether the latter requirement has been met is a determination which the immigration judge may make by reviewing the record of conviction. Slip op. at 7. However, the information in the record of conviction demonstrating that a firearm or destructive device was used must not be mere surplusage. Id. at 9.

In the present case, the criminal offense for which petitioner was convicted has as an essential element the use of a "dangerous weapon." See Minn. Stat. Ann. § 609.222 (West 1991) (assault in the second degree). The IJ reviewed the sentencing transcript as part of petitioner's record of conviction. IJ order at 4. Based upon that document, the IJ concluded that petitioner did in fact use a firearm in the commission of his offense. Id. Moreover, because the information regarding petitioner's use of a firearm demonstrated that an element of petitioner's offense had been satisfied, it was not mere surplusage.

Accordingly, upon careful de novo review, we hold that the BIA did not err in determining that petitioner is deportable pursuant to 8 U.S.C. § 1251(a)(2)(C). The order of the BIA is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.